**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

LINUS E. SHOCKLEY, SR.,     )
               )
        PLAINTIFF,     )
               )
VS.              )    CASE NO. 12-CV-003-FHM
               )
CAROLYN W. COLVIN, Acting   )
Commissioner of the Social Security   )
Administration,[1]        )
               )
        DEFENDANT.    )

## OPINION AND ORDER

Plaintiff, Linus E. Shockley, Sr., seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[2]   In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the

---

[1] Effective February 14, 2013, pursuant to Fed. R. Civ. P. 25(d)(1), Carolyn W. Colvin, Acting Commissioner of Social Security, is substituted as the defendant in this action.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Plaintiff Linus E. Shockley, Sr.,'s application was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) John W. Belcher was held July 22, 2010.  By decision dated September 3, 2010, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on November 9, 2011.  The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

Commissioner has applied the correct legal standards.  *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

For the reasons discussed below, the Court AFFIRMS the decision of the Commissioner.

### Background

Plaintiff was 43 years old on the alleged date of onset of disability and 47 years old on the date of the denial decision.  He has an 11th grade education and training in auto mechanics.  Plaintiff's past relevant work includes assembler, lot attendant, lube tech, lumber puller, parts puller, and pipe fitter.  Plaintiff claims to have been unable to work since November 12, 2006, due to high blood pressure that causes headaches, dizziness, and difficulty in concentrating. [Dkt. 18, p. 1; R. 237].  Plaintiff also alleges that he suffers from numbness and tingling in his arms, hands, legs, and feet, dizziness and blurred vision,

angina, depression, anxiety and insomnia.  Plaintiff claims to have difficulty sitting, standing, walking, bending, reaching, lifting and driving. [Dkt. 16, p. 1-2].

### The ALJ's Decision

The ALJ determined that the Plaintiff has severe impairments relating to hypertension, gastroenterological reflux disease, hiatal hernia, right thumb fracture, Major Depression, Recurrent and anxiety. [R. 85].   The ALJ found that Plaintiff has the residual functional capacity (RFC) to perform less than the full range of light work as defined in  20 CFR 404.1567(b) and 416.967(b).[3]  The ALJ also found that the Plaintiff can carry/lift and push/pull 20 pounds occasionally and 10 pounds frequently.  In an 8 hour work day, Plaintiff can stand for 6 hours or sit for 6 hours.  Plaintiff can climb stairs, but can never climb ladders, ropes, or scaffolding.  Plaintiff may also occasionally perform fine manipulation or fingering and forceful gripping or twisting with the right hand.  Mentally, the Plaintiff is able to do simple tasks and he can have superficial contact with the public, coworkers and supervisors. [R. 87].

Although Plaintiff was unable to perform his past relevant work and his ability to perform work at all exertional levels is limited, the ALJ determined, based on the testimony of the vocational expert, that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. [R. 90].  Accordingly, the ALJ determined

---

[3]  Pursuant to CFR § 404.1567, light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

that the Plaintiff was not disabled.  The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

**Plaintiff's Allegations**

Plaintiff asserts that the ALJ: 1) failed to properly evaluate, consider, and weigh the medical evidence, engaged in improper picking and choosing of evidence unfavorable to Plaintiff; and 2) failed to perform a proper credibility determination.

**Analysis**

Evaluation, Consideration and Weighing of Medical Evidence

Plaintiff asserts that the ALJ erred because he failed to discuss 78 pages of medical records marked as Exhibits 1F through 6F, and Exhibits 12F and 15F. [R. 298-351; 388-401; 404-413].  Plaintiff asserts that these exhibits refer to many of his complaints.

The ALJ is not required to discuss every piece of medical evidence in the record. *Hamlin v. Barnhart*, 365 F.3d 1208, 1217 (10th Cir.2004).  The ALJ stated he carefully considered the entire record.  [R. 85].  The Tenth Circuit has stated it will take the ALJ at his word when the entirety of the ALJ's discussion of the evidence and the reasons for his conclusions demonstrate that he adequately considered the claimant's impairments. *Wall v. Astrue*, 561 F.3d 1048, 1070 (10th Cir. 2009).  The court finds that the ALJ's decision demonstrates he adequately considered Plaintiff's impairments in this case.

Furthermore, most of the records Plaintiff identified were generated before the date of onset of disability.  While records that precede or succeed a date of onset may be relevant, the records here merely document Plaintiff's complaints at the time they were

4

generated.  Plaintiff has not shown that these records demonstrate he is disabled.

Exhibits 1F to 5F,  [R. 298-342], are medical records generated before the alleged date of the onset of disability.  All but 3 pages of Exhibit 6F are records that also precede the alleged onset date.  [R. 346-351]. The 3 pages of Exhibit 6F that fall within the relevant time period do not contain any findings for the ALJ to have mentioned. [R. 343-345]. Exhibit 12F contains treatment notes for 4 office visits from July 20, 2009 to August 12, 2009 during which Plaintiff complained of hand swelling and feet numbness, shortness of breath over three days, vertigo for one week, chest pain for three days, numbness in his left hand and arm, blurred vision, a headache, nosebleeds, and earache for one to two weeks.  [R. 389-394].  The ALJ generally noted the complaints referenced in these records. [R. 87].   The court finds no error in the ALJ's failure to recite these 4 office notes.  The remainder of Exhibit 12F consists of lab reports.  Exhibit 15F contains radiology reports wherein findings were reported of no significant plaque or stenosis of the carotid and no acute abnormalities of the pelvis or abdomen.  [R. 408-410].   The ALJ's failure to specifically mention any of these records is not error.

Plaintiff also asserts that the ALJ erred by relying heavily on and only weighing the two consultative examination reports prepared by Drs. Ashok Kache, M.D., and David E. Hansen, Ph.D.,  [Dkt. 16, p. 3; R. 89; 352-359; 360-361].  Plaintiff complains there is no indication that Dr. Kache reviewed Plaintiff's medical records prior to his examination. Plaintiff states Dr. Hansen acknowledged reviewing "brief medical records" provided by the Social Security Administration but did not specify which records he reviewed other than the December 10, 2004 records from PCC Ambulatory Clinic. [Dkt. 16, p. 2; R. 360].  Plaintiff has not cited any authority to suggest that consultative examiners are required to review

medical records prior to conducting an examination.  As a result the court finds no error.

To the extent Plaintiff has asserted that the ALJ erred in weighing only the opinions of the consultative examiner, the court finds no error.  Plaintiff has not identified any other medical source opinions the ALJ should have weighed.   The ALJ accurately made reference to Plaintiff's complaints of headaches, dizziness, vomiting, neck pain, blurred vision, and back pain.  The ALJ's decisional RFC reflected the impairments supported by the record by restricting Plaintiff to less than the full range of light work including only occasional stair climbing, bending, stooping, kneeling, crouching, crawling, only occasional fine manipulation or fingering and forceful gripping or twisting with the right hand; and no climbing ladders, ropes, or scaffolding.  [R. 87-89].

Improper Picking and Choosing

Plaintiff further asserts that the ALJ erred in evaluating the opinions of Drs. Kache and Hansen because he engaged in improper picking and choosing of evidence to support an unfavorable disability decision. [Dkt. 16, p. 3; Dkt. 19, p. 1].  Plaintiff contends that the ALJ failed to include Dr. Kache's finding of reduced grip strength and Dr. Hansen's notation of "possible borderline intellectual functioning" in his hypothetical questioning of the vocational expert and the decisional RFC.  [Dkt. 16, 4-5; Dkt. 19, p. 1-2].

The ALJ is not required to discuss every single finding contained in a medical report. However, the ALJ may not use only portions of a report which are favorable to his decision, while ignoring other parts of the report. *See Harman v. Barnhart,* 362 F.3d 676, 681 (10th Cir. 2004)(finding that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence.").  The ALJ did not mention the reduced grip strength finding but it is clear that the ALJ considered

6

Plaintiff's reduced grip strength based upon the limitations included in the ALJ's RFC determination.  Though Dr. Kache found a difference in grip strength between Plaintiff's right and left hands, he also found that Plaintiff "is able to make a full fist and approximate fingertips, he was noted to take his socks shoes and socks [sic] off with the laces without difficulty." [R. 352-352].  Plaintiff's reduced grip strength was included in the RFC in that Plaintiff was limited to occasional fine manipulation or fingering and forceful gripping or twisting with the right hand. [R. 87].  The court finds that the ALJ did not err in failing to mention the reduced grip strength.

Plaintiff asserts that Dr. Kache's observation that Plaintiff was off balance somewhat in walking on his heels and toes together with findings of positive straight leg raise, pain with range of motion in the lumbar spine, tenderness, and muscle spasms support his allegations and that the ALJ ignored those portions of Dr. Kache's report.  The court finds that the ALJ accurately noted Dr. Kache's findings that Plaintiff had a slight limitation to his lumbar range of motion and full range of motion of his necks, shoulders, hips, and extremities. [R. 88].  To the extent that Dr. Kache's report might be read to contain postural restrictions, the ALJ accounted for them by limiting bending, stooping, kneeling, and crawling to occasional. [R. 87].

Plaintiff argues that the ALJ ignored portions of the report of Dr. Hansen, the mental consultative examiner.  Plaintiff states that the ALJ should have explored Dr. Hansen's note that Plaintiff was possibly borderline in his intellectual functioning.  Plaintiff also points to a number of observations made by Dr. Hansen that Plaintiff thinks the ALJ should have mentioned.  The ALJ is not required to mention every piece of evidence and finding contained in a medical report.  See *Clifton v. Chater,* 79 F.3d 1007, 1009-10 (10th Cir.

1996).  The court finds no error in the ALJ's treatment of Dr. Hansen's report.  The ALJ accurately noted that Dr. Hansen's report was compatible with the report from the Disability Determination Services (DDS) concerning Plaintiff's mental capabilities. Dr. Hansen noted Plaintiff has a reduction of persistence and pace.  [R. 361].  The DDS reviewer also noted Plaintiff has moderate difficulties in persistence and pace.  [R. 372].  However, the only work-related limitation noted by the DDS reviewer was in the ability to carry out detailed instructions. [R. 376].  There were no other work-related limitations resulting from the limitation in persistence and pace.  The ALJ accounted for that limitation by including the limitation to "simple tasks" in the RFC. [R. 87].

Plaintiff makes the assertion that the DDS reviewer's finding on the Psychiatric Review Technique form that Plaintiff has "moderate" limitations in maintaining concentration, persistence, or pace, [R. 372], is inconsistent with the reviewer's mental RFC finding that Plaintiff is not significantly limited in the ability to perform at a consistent pace. [R. 376-377]. Plaintiff argues that this inconsistency makes the decision unsupported by substantial evidence.  The court finds no error.  The findings in the Psychiatric Review Technique form do not necessarily relate to the ability to perform work-related activities. The Psychiatric Review Technique findings are used to assess the severity of a mental impairment and do not speak to the ability to perform work-related activities.  *See SSR 96-8p*, 1996 WL 374184 at *4.

The court rejects Plaintiffs assertion that the decision is not supported by substantial evidence  because in making the Psychiatric Review Technique assessment the ALJ found Plaintiff had a mild restriction in his activities of daily living while the DDS reviewer found a moderate restriction.  Again, the Psychiatric Review Technique  finding is not an RFC

assessment.  The ALJ's RFC fully adopted the DDS reviewer's opinion about Plaintiff's work related mental limitations.

The mental consultative examiner, Dr. Hansen, stated that there is a question regarding the possibility of borderline to low average intellectual functioning but further assessment would be required in that regard. [R. 361].  Plaintiff asserts that the ALJ erred by failing to further develop the record pertaining to the possible "borderline intellectual functioning.  [Dkt. 16, p. 5; Dkt. 19, p. 2].  Plaintiff did not claim borderline intellectual functioning as an impairment in his application for benefits, nor did Plaintiff's attorney address this at the hearing before the ALJ.  The court finds that under these circumstances the ALJ had no duty to investigate possible borderline intellectual functioning.  "[W]hen the claimant is represented by counsel at the administrative hearing, the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored." *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir.1997).  In light of Dr. Hansen's findings that Plaintiff's gross mental status functioning is within normal limits with the exception of some mathematical difficulties, that Plaintiff appeared capable of managing his own finances, and he does not exhibit significant difficulties with concentration, comprehension or broad cognitive functioning, [R. 361], the court finds no error in the ALJ's failure to order further testing.

## Credibility Determination

Plaintiff asserts that the ALJ failed to provide even a minimal credibility discussion as he did not state which of Claimant's statements he accepted as true and which he considered not credible.  [Dkt. 16, p. 7]. The court finds that the ALJ supported his

credibility findings and appropriately related them to the record.  The ALJ noted Plaintiff's testimony of daily headaches that were a "5" or "6" in intensity when he wakes up and reach an  intensity of "9" to "10" (on a scale of 1 to 10 with 10 being the most intense pain) by mid-day, associated vomiting, dizziness, and blurred vision.   [R. 87].  The ALJ also noted  that the record was devoid of treatment records for most of 2007 and all of 2008. [R. 87-88].   The ALJ's discussion of the medical evidence included Dr. Kache's findings that Plaintiff had a slight limitation to his lumbar range of motion and full range of motion of his neck, shoulders, hips, and extremities. [R. 88].   The ALJ also noted Dr. Hansen found Plaintiff did not exhibit significant difficulties with his concentration, comprehension, or broad cognitive functioning. [R. 88].

Plaintiff further asserts that the ALJ erred by his use of stock boilerplate language. The Tenth Circuit has made it clear that in the absence of a more thorough analysis, the use of boilerplate language is not sufficient to support an ALJ's credibility determination. However, the Tenth Circuit has made it equally clear that when the ALJ provides specific reasons for his credibility determination and links the credibility determination to the evidence, the presence of boilerplate language will not require remand.  *Cf. Boehm v. Astrue,* 2013 WL 541067 at *2 (10th Cir. 2013(rejecting the same argument advanced in this case in another appeal argued by Plaintiff's counsel), *Polson v. Astrue,* 2013 WL 238849 at *2 (10th Cir. 2013 (same), *Strickland v. Astrue,* 2013 WL 3935755 at *7 (10th Cir. 2012)(same).

Credibility determinations are peculiarly the province of the finder of fact, and the court will not upset such determinations when supported by substantial evidence.

However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir.1995). An ALJ's credibility determination must be "closely and affirmatively linked" to substantial record evidence. *Hardman v. Barnhart,* 362 F.3d 676, 678-79 (10th Cir. 2004). Moreover, the Tenth Circuit "precedent 'does not require a formalistic factor-by-factor recitation of the evidence so long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility.'" *Poppa v. Astrue*, 569 F.3d 1167, 1171 (10th Cir. 2009) (quoting *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000)) (ellipsis and brackets omitted). Based on the record as a whole, the court is satisfied that the ALJ's credibility findings are closely and affirmatively linked to substantial evidence. Therefore, the undersigned finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determination.

## Conclusion

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 17th day of June, 2013.

*Frank H. McCarthy*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

11